Reese, J.
delivered the opinion of the court.
The complainants were the sureties of one Geo. W. Wilson in a bill single, given by him to the defendant, for a sum of money borrowed; and they seek to be discharged upon the ground, that the defendant and the said George W. Wilson, the principal debtor, after the bill single fell due, made an agreement for further delay, upon the consideration, that the said George W. Wilson give to the defendant his separate bill single for six and one-half per cent, as additional interest upon the amount of the principal bill single, during the time of such stay, which was done; and this agreement took place without the knowledge or consent of the complainants. This allegation is expressly denied in the answer. It is, however, distinctly proved by the principal debtor, George W. Wilson, whose competency has been questioned in argument, and there are also some corroborating circumstances in the proof; but we do not deem it necessary to enquire into the competency of Wilson, as a witness in this case, or to weigh the amount of corroborating circumstances proved, so as to see whether, with the testimony of Wilson, the express denial of the answer would be counterpoised as required by the technical rule of chancery in such cases. For we consider it quite clear, that the allegation of the bill, if distinctly proved, will not entitle the com *321 plainants to the relief sought. The agreement between the creditor and the principal debtor, for delay, which will entitle the sureties to be discharged in equity, must be a valid and binding agreement, one which imposes upon the creditor a legal obtacle for the time to the prosecution of an action upon the original security, according to its terms. But the agreement setout in the bill was not valid and binding; on the contrary, it was unlawful and void; it was not binding upon either party. If the creditor complied with it, and received the money secured by the smaller bill single, he subjected himself to a criminal prosecution by indictment, to fine and imprisonment. It presented not the least obstacle to his institution and maintenance of an action upon the original security, according to its terms. Such agreement, therefore, cannot discharge the sureties. There is nothing opposed to this view-of the case, in what is said by the court in the case of Washington vs. Tate’s adm’r. 3 Hump. 503. Whatever may be thought of the facts of that agreement, as constituting usury, or otherwise, it is clear that the court believed that a large portion of the consideration for that agreement was not usurious: the main circumstance in that case, also, justifying the discharge of the surety, is the actual interference of the surety, to have the debt paid by the principal, on suit brought against him, and the delusive conduct on that subject of the creditor.
Upon the whole, we affirm the decree of the Chancellor, and dismiss the bill.